## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF DELAWARE

JEFFREY FOGG,                      )
                                   )
         Petitioner,               )
                                   )
v.                                 )          Civ. A. No. 03-558-KAJ
                                   )
THOMAS CARROLL, Warden,            )
et al.,                            )
                                   )
         Respondents.              )
_____)

## MEMORANDUM ORDER

### I. INTRODUCTION

Presently before the Court are motions (D.I. 32; D.I. 36) by *pro se* petitioner

Jeffrey Fogg ("Fogg") to stay his habeas proceedings. (D.I. 32; D.I. 36.) For the

following reasons, I will deny Fogg's motions without prejudice, so that he may re-file

his request at a later date. However, I will order the State to address the statute of

limitations issue discussed below.

### II. BACKGROUND

On June 13, 2003, Fogg, represented by Nancy Perillo, Esquire, filed a petition

for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (D.I. 2.) Fogg's petition

presents five numbered claims. In August 2003, Ms. Perillo filed a motion to amend

Fogg's petition by adding a *Brady* claim. (D.I. 13.) The motion to amend was granted.

The State filed an Answer in November 2003, responding to all six habeas claims. (D.I.

18.)

Sometime in January 2004, Ms. Perillo passed away. Since then, Fogg has filed several letters and two motions with the Court outlining his efforts to contact another attorney whom Figg believed intended to take up his representation in this proceeding. Fogg's main concern appears to be that a Reply to the State's Answer has not been filed. Fogg also contends that he is trying to regain a $10,000 retainer he gave to Ms. Perillo, so that he can retain new counsel. Fogg has repeatedly stated that, at this point in time, he does not wish the Court to appoint counsel, including the attorney he says he contacted after Ms. Perillo's passing. (D.I. 26 (Letter); D.I. 28 (Letter); D.I. 32 (Motion); D.I. 36 (Motion).)

Fogg moves the Court to stay his pending habeas proceeding until: (1) he retrieves the balance of his $10,000 retainer fee paid to Ms. Perillo for her to file a Reply to the State's Answer; (2) he retrieves all of his two (or three) boxes of case files; and (3) he selects and retains new counsel and his new counsel has had time to review his case and prepare a Reply to the State's Answer. (D.I. 32; D.I. 36.) Fogg also appears to request a stay so that he can assert a new claim of actual innocence. (D.I. 32, at ¶ 11.) Fogg states that he has applied to the "Innocence Project at the Public Defender's Office to have post-conviction forensic DNA trace evidence testing performed on 'one single black boot' identified as the murder weapon in [his] case by the lower court." (D.I. 36, at 1 ¶ A.) Fogg alleges that the Superior Court's statement that "the jury could have inferred Fogg wore this single black boot to kill the victim" was the reason why the Delaware Supreme Court did not overturn his conviction.[1] He

_____

[1]The Superior Court made this statement regarding the boot in its opinion (on remand) denying Fogg's Rule 61 motion. *See State v. Fogg*, ID #9504002666, at 60

apparently believes that DNA evidence would prove otherwise and thereby warrant federal habeas relief. *Id.*

## III. DISCUSSION

### A. Motions to Stay

The United States Supreme Court has recently held that, in extremely narrow circumstances, a district court has the discretion to stay a timely filed habeas proceeding if the petition contains both exhausted and unexhausted claims. *Rhines v. Weber*, - U.S. - , 125 S.Ct. 1528, 1533 (2005). Specifically, if the district court determines that an "outright dismissal [of the mixed petition] could jeopardize the timeliness of a [future] collateral attack," the district court has discretion to stay the habeas proceeding in order to enable the petitioner to return to state court and exhaust state remedies. *Rhines*, 125 S.Ct. at 1533 (holding that the situations in which a federal court has discretion to engage in the stay-and-abey procedure for mixed petitions are very limited); *compare with Crews v. Horn*, 360 F.3d 146, 154 (3d Cir. 2004)(holding that "a stay is the only appropriate course of action" for a mixed petition "when an outright dismissal could jeopardize the timeliness of a collateral attack."). The stay-and-abey procedure is only appropriate if the district court "determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and the claims are not plainly meritless. *Rhines*, 125 S.Ct. at 1533.

---

(Del. Super. Ct. Sept. 10, 2002). Fogg's Rule 61 motion alleged various instances of ineffective assistance of counsel.

Pursuant to *Rhines* and *Crews*, neither of these reasons warrant a stay. First, Fogg has not presented the Court with a mixed petition; all of the claims contained in his petition are exhausted. Fogg requests a stay in order to have time to retain new counsel and assert a new claim of actual innocence, presumably either in an amended petition or in a Reply to the State's Answer. Second, as explained below, it is not clear that Fogg's habeas petition is timely. Finally, and perhaps most importantly, even if his habeas petition is timely filed in compliance with AEDPA's statute of limitations, the limitation period for raising new claims has now expired. Although Fogg asserts he has recently applied for DNA testing of the black boot, which, according to him, may establish his innocence, this issue arose from facts which Fogg knew or should have known when he filed his original petition. *See* § 2254(e)(2). Any future proposed amendment of the petition to add new claims would not relate back to the original petition, and thus, would be time-barred. *See United States v. Thomas*, 221 F.3d 430, 436-37 (3d Cir. 2000); Fed. R. Civ. P. 15(c).

Accordingly, I find that Fogg has failed to satisfy the criteria for granting a stay as set forth in *Rhines*. Nevertheless, I will deny his motion to stay without prejudice in order to permit him to re-file another request at a later date upon showing that: (1) there is good cause for his failure to exhaust his new claim; (2) his new claim relates back to the claims originally pled in his original petition, or that he was unable to raise the new claim in his original petition; and (3) that the new claim is not plainly meritless.

4

## B. Statute of Limitations

In reviewing Fogg's case, the question has arisen of whether Fogg's original

petition was timely filed in the first place.[2] To seek habeas corpus relief from a state

court judgment, a petitioner must present his claims within a one-year limitation period.

See 28 U.S.C. 2244(d)(1). The one-year limitations period begins to run from the latest

of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

Fogg does not allege, nor can I discern, any facts triggering the application of §§

2244(d)(1)(B),(C), or (D). Accordingly, the one-year period of limitations began to run

when Fogg's conviction became final under § 2244(d)(1)(A).

Pursuant to § 2244(d)(1)(A), if a state prisoner appeals a state court judgment

but does not seek certiorari review, the judgment of conviction becomes final, and the

one-year period begins to run, upon expiration of the ninety-day time period allowed for

seeking certiorari review. See Kapral v. United States, 166 F.3d 565, 575, 578 (3d Cir.

---

[2]Pursuant to a recent Third Circuit opinion, this issue can properly be raised sua sponte. U.S. v. Bendolph, 409 F.3d 155, 164-67 (3d Cir. 2005).

1999); *Jones v. Morton*, 195 F.3d 153, 158 (3d Cir. 1999). Here, the Delaware

Supreme Court affirmed Fogg's conviction and sentence on October 1, 1998, and the

record indicates that he did not seek certiorari review. Thus, his conviction became

final on December 30, 1998, and to be timely, he had to file his § 2254 petition by late

December 1999. *See, e.g., Harris v. Snyder*, 2002 WL 47895 (D. Del. Jan. 11, 2002).

Fogg filed his habeas petition on June 13, 2003. His petition is therefore time-

barred and should be dismissed, unless the time-period can be statutorily or equitably

tolled. *See Jones v. Morton,* 195 F.3d 153, 158 (3d Cir. 1999).

### 1. Statutory Tolling

Section 2244(d)(2) of AEDPA specifically permits the statutory tolling of the one-

year period of limitations:

> The time during which a properly filed application for State post-conviction or
> other collateral review with respect to the pertinent judgment or claim is pending
> should not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2). A properly filed state post-conviction motion tolls AEDPA's

limitations period during the time the action is pending in the state courts, including any

post-conviction appeals. *Swartz v. Meyers*, 204 F.3d 417, 424-25 (3d Cir. 2000). "An

application is properly filed when its delivery and acceptance are in compliance with the

applicable laws and rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).

Procedural requirements include the "form of the document, the time limits upon its

delivery, the court and office in which it must be lodged, and the requisite filing fee." *Id.*;

*Merritt v. Blaine*, 326 F.3d 157, 162 (3d Cir. 2003).

6

Here, on September 30, 1999, Fogg filed a Rule 61 motion for post-conviction

relief in the Delaware Superior Court. The Superior Court denied the motion, Fogg

appealed, and the Delaware Supreme Court remanded the case back to the Superior

Court. On remand, the Superior Court denied Fogg's Rule 61 motion, and the

Delaware Supreme Court affirmed that decision on December 23, 2002. Fogg then

filed a motion for re-argument in the Delaware Supreme Court, which was denied on

March 4, 2003.

I assume without analysis that the limitations period was tolled throughout the

pendency of the motion for re-argument, meaning that AEDPA's statute of limitations

was tolled during the entire period from September 30, 1998 through March 4, 2003.

Nevertheless, when Fogg filed his Rule 61 motion, 274 days of AEDPA's limitations

period had already lapsed. The limitations period started again on March 5, 2003,[3] and

continued without interruption until its expiration on June 3, 2003.

---

[3]It appears that Ms. Perillo applied to the United States Supreme Court for an extension of time to file a petition for a writ of certiorari regarding the denial of Fogg's Rule 61 motion, and the application was denied on June 5, 2003.   (D.I. 2, at 7 & Ex.G.) There is no indication when the application for an extension of time was filed. Nevertheless, the limitations period is not tolled during the pendency of a prisoner's petition for a writ of certiorari to the United States Supreme Court when the request concerns the denial of his state post-conviction or collateral proceeding. *Miller v. Dragovich*, 311 F.3d 574, 577-81 (3d Cir. 2002); *see also Stokes v. Dist. Attorney of County of Philadelphia*, 247 F.3d 539, 542 (3d Cir. 2001);  *LaCava v. Kyler*, 398 F.3d 271, 274 (3d Cir. 2005). Thus, Fogg's application for an extension of time to file a certiorari petition did not toll the limitations period.

7

In short, Fogg filed his petition approximately ten days too late.[4] Therefore, Fogg's habeas petition is time-barred unless AEDPA's limitations period can be equitably tolled.

## 2. Equitable Tolling

It is well-settled that AEDPA's limitations period may be subject to equitable tolling, but federal courts apply this doctrine sparingly. *Miller v. New Jersey State Dept. of Corrections,* 145 F.3d 616 (3d Cir. 1998)*; United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1998); *Thomas v. Snyder*, 2001 WL 1555239, at *3-4 (D. Del. Nov. 28, 2001). The one-year limitations period will be equitably tolled "only in the rare situation where equitable tolling is demanded by sound legal principles as well as the interests of justice." *Jones v. Morton,* 195 F.3d 153, 159 (3d Cir. 1999) (quoting *Midgley*, 142 F.3d at 179).

In order to trigger equitable tolling, the petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims" and that he was prevented from asserting his rights in some extraordinary way; mere excusable neglect is insufficient. *Miller*, 145 F.3d at 618-19 (citations omitted); *Schlueter v. Varner*, 384 F.3d 69, 77 (3d Cir. 2004). Consistent with these principles, the Third

---

[4]As I explain in the text, I assume that the motion for re-argument tolls the limitations period. However, if the motion for re-argument does not toll the limitations period, then it actually expired earlier than June 3, 2003. In this scenario, the tolling of the limitations period would have ended when the Delaware Supreme Court affirmed the Superior Court's decision on December 23,2003. As such, the limitations period would have re-started on December 24, 2002, and it would have run without interruption until it expired on March 24, 2003. Therefore, Fogg would have been required to file his petition by the end of March 2003. Under either analysis, statutory tolling does not render his petition timely.

Circuit has specifically limited equitable tolling of AEDPA's limitations period to the following circumstances:

(1) where the defendant actively misled the plaintiff;
(2) where the plaintiff was in some extraordinary way prevented from asserting his rights; or
(3) where the plaintiff timely asserted his rights mistakenly in the wrong forum.

*Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999).

At this juncture, I will give both the State and Fogg an opportunity to address the limitations issue, and specifically order both parties to fully discuss the issue of equitable tolling. In an effort to protect Fogg's right to pursue representation, I rule as follows:

First, within 30 days of the signing of this Memorandum Order, the State shall file a Supplemental Memorandum addressing whether Fogg's habeas petition is time-barred. The State shall give particular attention to the issue of equitable tolling.

Second, once the State files its Supplemental Memorandum, Fogg will be given an opportunity to file a Reply. However, Fogg will not have the responsibility of filing a Reply until I order him to do so. This instruction is intended to permit Fogg a reasonable time to retain new counsel if he so desires, or to continue to proceed *pro se* and file a Reply on his own.

## IV. CONCLUSION

For these reasons, IT IS HEREBY ORDERED THAT:

1. Jeffrey Fogg's Motions to Stay his habeas petition are DENIED WITHOUT PREJUDICE to re-file another request at a later date upon showing that: (1) there is good cause for his failure to exhaust his new claim; (2) his new claim relates back to the

9

claims originally pled in his original petition, or that he was unable to raise the new

claim in his original petition; and (3) that the new claim is not plainly meritless.

(D.I. 32; 36.)

2. No later than September 26, 2005, the State shall file a Supplemental

Memorandum addressing the effect of AEDPA's statute of limitations on the instant

proceeding and whether Fogg's § 2254 petition should be dismissed as time-barred.

The State shall specifically address the issue of equitable tolling and may, in its

discretion, discuss the "black boot."

3.   Fogg shall not file a Reply to the State's Supplemental Memorandum until

ordered by the Court.  A status teleconference will be held on October 4, 2005, at 9:30

a.m. regarding Fogg's efforts to retain new counsel.  Counsel for the State shall initiate

the call.

Date: August 26, 2005

UNITED STATES DISTRICT JUDGE

10